IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH R. SAAVEDRA,

    Plaintiff,

  v.                                          No. CIV 10-1052 RB/LAM

TIM LEMASTER, WARDEN,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See*

*Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is a New Mexico prisoner who was transferred to Florida in 2003. The complaint contains three claims against Plaintiff's former New Mexico warden for deliberate endangerment, denial of access to the courts, and denial of medical treatment. Plaintiff alleges that, beginning in 1996, he was first "misclassified" as a security threat. Corrections personnel transferred him to Florida in 2003 for protection from prison gangs. Plaintiff disputes the stated reasons for his transfer and asserts that he was being deliberately put in danger. He alleges that the transfer has caused him to be denied "legal access" and visitation, and Florida officials have denied him medical treatment. Plaintiff contends that Defendant's actions have violated a number of his constitutional protections. The complaint seeks damages and as well as an equitable order returning Plaintiff to New Mexico and requiring that he be given proper medical care.

Because Plaintiff was transferred in 2003, his claim arising from the transfer itself is untimely. The period of limitation for a § 1983 action is the state's personal injury statute, *see Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd sub nom. Wilson v. Garcia*, 471 U.S. 261, 280 (1985), and the limitation on personal injury actions in New Mexico is three years, *See* N.M. Stat. Ann. § 37-1-8 (Repl. Pamp. 1990). Because this alleged injury occurred approximately seven years before Plaintiff filed his complaint, *see Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (noting that § 1983 claim accrues when plaintiff knows or has reason to know of injury), this claim is barred as untimely and will be dismissed.

Plaintiff's claims based on conditions of his confinement in Florida are likewise untimely. Plaintiff alleges that the 2003 transfer deprived him of access to the courts and family visits, and thus these claims also accrued seven years ago. He further alleges that Florida officials have denied him medical treatment for hepatitis-C. Because he contracted the disease before he was transferred,

this claim is also untimely.  Plaintiff previously raised most of these claims in a habeas corpus petition, *see Saavedra v. LeMaster*, No. CV 08-0746 JH/WPL; *and see Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("The court may take judicial notice of the prior litigation."), thus dispelling the possibility of "meritorious tolling issues," *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009).  The Court will *sua sponte* dismiss Plaintiff's complaint as untimely.

   IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice as untimely; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE