IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH R. SAAVEDRA,

    Plaintiff,

v.                                                                    No. CIV 10-1052 RB/LAM

TIM LEMASTER, WARDEN,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff's Motion To Object To Courts Memorandum Opinion And Order (Doc. 12) (the "motion") filed on May 27, 2011. In the motion, Plaintiff objects to the order and judgment (Docs. 21, 22) entered on May 12, 2011, that dismissed his complaint as untimely filed. On June 3, 2011, Plaintiff also filed a notice of appeal from the order of dismissal. The Court construes Plaintiff's motion as a motion to alter or amend judgment under rule 59(e) of the Federal Rules of Civil Procedure and will deny the motion.

    Plaintiff argues that the Court erred in dismissing his complaint as untimely because the running of the limitations period was equitably tolled for an extended time. His factual basis for the tolling argument is that he diligently attempted to exhaust other available remedies before he filed his federal civil rights complaint. As Plaintiff asserts on page 4 of his motion, "he has been pursuing adjudication of his claims since August of 2001 but was deliberately being held up by the lower State Court refusing . . . to address his claims." Furthermore, he "believes" that the Prison Litigation Reform Acts's

requirement to exhaust "such administrative remedies as are available," 42 U.S.C. § 1997e(a), includes state judicial remedies.

Plaintiff misconstrues applicable law in asserting that his state court litigation tolled the limitations period for filing his claims in federal court. "[S]tate law governs the application of tolling in a civil rights action," *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004), and in New Mexico, "[e]quitable tolling typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control," *Ocana v. Am. Furniture Co.*, 91 P.3d 58, 66 (N.M. 2004). Here, no extraordinary event hindered Plaintiff's filing of his federal complaint; he simply chose to litigate his claims first in state court even though he was not required to exhaust state judicial remedies. *See Ellis v. Dyson*, 421 U.S. 426, 432 (1975) ("we have long held that an action under § 1983 is free of [a judicial exhaustion] requirement"); *and see Hopkins v. Okla. Pub. Emp. Ret. Sys.*, 150 F.3d 1155, 1160 (10th Cir. 1998). The motion thus makes no showing of "manifest errors of law," *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000), that could be corrected by relief available under rule 59(e). The Court will deny the motion.

IT IS THEREFORE ORDERED that Plaintiff's Motion To Object To Courts Memorandum Opinion And Order (Doc. 12) filed on May 27, 2011, construed herein as a motion to alter or amend judgment under rule 59(e) of the Federal Rules of Civil Procedure, is DENIED.

_____
UNITED STATES DISTRICT JUDGE